IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERI A. MILLER, ) ) Plaintiff, ) ) v. ) ) CONSOLIDATED CONTAINER, ) ) Defendant. ) ) | 8:05CV249 MEMORANDUM AND ORDER |

This matter is before the court on defendant's motion for summary judgment, Filing No. 43, pursuant to Fed. R. Civ. P. 56.  Plaintiff files this action alleging defendant retaliated against her in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, and the Fair Labor Standards Act (FLSA) in violation of 29 U.S.C. § 201.  Plaintiff worked as a human resources and payroll manager for defendant.  Defendant maintained an office in Omaha, Nebraska, and employed plaintiff at all material times herein.

**Summary Judgment Standard**

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995).  Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate.  *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party.  Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Therefore, if defendant does not meet its initial burden with respect to an

issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).

Once a defendant meets its initial burden of showing there is no genuine issue of material fact, the plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Facts are viewed in the light most favorable to the nonmoving party, but "in order to defeat a motion for summary judgment, the non-movant party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999); *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998). In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

Summary judgment should seldom be granted in discrimination cases. *Heaser v. Toro*, 247 F.3d 826, 829 (8th Cir. 2001). In passing on a motion for summary judgment, it is not the court's role to decide the merits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (on motion of summary judgment, district court should not weigh evidence

or attempt to determine truth of matter). The court must simply determine whether there exists a genuine dispute of material fact. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

**Facts**

Plaintiff's allegations can be summarized as follows. Plaintiff served as a legal guardian to a foster daughter. She alleges that she asked for FMLA leave to attend court proceedings regarding this daughter sometime in May or June 2004. She contends that defendant's benefit manager responded to plaintiff indicating that she did not qualify for FMLA leave. In July of 2004, plaintiff became ill from mold near her basement work office. Because of this illness, plaintiff alleges she worked from home. In August 2004, plaintiff requested FMLA leave for depression. Med Soft, defendant's third-party vendor, granted such leave in mid-September, effective August 11, 2004, through October 25, 2004. Plaintiff worked as she could at both her office and her home. On September 16, 2004, plaintiff's supervisor, Laura Fee, instructed plaintiff not to work from home. Plaintiff then argued that her paychecks for August and September did not include all the actual time she had worked. She sent a letter to Steve Macadem, president of the defendant, on September 8, 2004, outlining the same and indicating that such practices violated the FLSA. Plaintiff sent a similar letter to Ms. Fee, and Ms. Fee responded that no additional compensation would be paid to the plaintiff. On October 13, 2004, while plaintiff was on FMLA leave, defendant fired plaintiff.

Plaintiff contends that defendant fired her in retaliation for plaintiff's use of FMLA and the FLSA. Plaintiff further alleges that defendant failed to reinstate her after her FMLA leave to a substantially equivalent position.

Defendant files its summary judgment alleging that plaintiff misrepresented material facts about her illness and had performance issues that constituted grounds for firing her. Defendant contends that over a period of three months that plaintiff missed more than sixty hours of work. She was paid for all of these hours. Defendant alleges that plaintiff missed meetings, orientations, conference calls, and failed to follow supervisory instructions. Defendant contends that plaintiff was repeatedly told to not work from home, yet she did so anyway. Plaintiff then applied for short-term disability. Defendant heard that plaintiff was enjoying a social life at night, so defendant hired an investigator. Based on the report from the investigator, defendant determined that plaintiff had misrepresented certain facts about her illness. Defendant also points out that plaintiff never completed the paperwork for her request for FMLA in May 2004.

Defendant contends that management for four and one-half months worked with plaintiff and her personal issues. She missed substantial amounts of work. On or about August 5, 2004, in an email to Ms. Fee, Mr. Richard Sehring, a vice president for defendant headquartered in Atlanta, Georgia, asked that the issue be addressed. Ms. Fee then met with the plaintiff and followed up with an email expressing her concerns about plaintiff's work obligations. Plaintiff responded agreeing to the work shifts. Ms. Fee had to again tell plaintiff to work her required hours. Plaintiff continued to miss work. In August 2004, plaintiff requested leave under FMLA. Ms. Fee and Ms. Hoover both allegedly told plaintiff she might be eligible for leave effective August 11, 2004, and they told plaintiff what she needed to do to apply for that leave. Thereafter, plaintiff filled out the required forms. However, she missed four more days of work in August and worked from home without permission. Plaintiff was again told that she had to work from the office. Plaintiff missed substantial time from work in September and did not return after September 21, 2004.

Plaintiff then applied for short-term disability (STD) benefits alleging a September 8, 2004, onset date.  Defendant contends that plaintiff worked certain days in September and October from home, even though she was not authorized to do so.  After receiving a report from the investigator, defendant decided to discharge the plaintiff.  The reasons were outlined by Ms. Fee and given to the plaintiff.  Thereafter, on December 1, 2004, the third-party administrator denied plaintiff's request for STD benefits.

**Discussion**

Because plaintiff does not offer direct evidence of discrimination, she is under the burden-shifting analysis set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973); *Stallings v. Hussman Corp.*, 447 F.3d 1041 (8th Cir. 2006).  *See McBurney v. Stew Hansen's Dodge City, Inc.*, 398 F.3d 998, 1002 (8th Cir. 2005) (applying burden-shifting analysis to FMLA retaliation claim); and *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1034 (8th Cir. 2005) (applying burden-shifting analysis to FLSA retaliation claims).

<u>*Prima Facie Case*</u>

Plaintiff sets forth the following in support of her prima facie case.  Plaintiff argues that she was on approved intermittent FMLA leave from August 11, 2004, thought October 13, 2004, the date of her termination.  On October 5, 2005, plaintiff complained in writing that she believed defendant had violated the FMLA and the FLSA.  Plaintiff's termination constitutes adverse action.  Plaintiff must also show causation.  She must show that an employer's "retaliatory motive played a part in the adverse employment action." *Hite v. Vermeer Manufacturing Co.*, 446 F.3d 858, 865-66 (8th Cir. 2006) (citation omitted). Plaintiff argues that being fired while on leave at least gives an inference of retaliatory motive.  For purposes of this motion, the court agrees, as the timing is suspect and emails continued throughout August 2004,  between Mr. Sehring and Ms. Fee regarding plaintiff's

absences during approved leave. Accordingly, for purposes of this motion, the court finds plaintiff has set forth a prima facie case of discrimination.

### *Nondiscriminatory Reasons*

The burden now shifts to the defendant to show nondiscriminatory reasons for the discharge. Plaintiff received FMLA benefits as requested. Defendant's employees notified management that plaintiff was partying at night. Defendant argues it substantiated these allegations and then discharged the plaintiff. The court finds the defendant has articulated a nondiscriminatory reason for its actions.

### *Pretext*

The burden now shifts to the plaintiff to show that these reasons were a pretext and that the defendant's real reason for her termination was to retaliate against her. Plaintiff contends that Ms. Fee was busy and wanted someone to help her with plaintiff's work. Defendant contends that this is not true, as Ms. Fee absorbed most of Ms. Fee's responsibilities for five months until a replacement was hired. Second, plaintiff contends that a co-employee asked another employee whether the leave by plaintiff was physical or mental. Defendant argues that this statement is hearsay, but in any event not relevant since these employees did not participate in the decision to terminate the plaintiff. The court agrees that there is no evidence that this random statement by a co-worker had any relationship to the adverse employment action. Third, plaintiff states that she was not permitted to work from home while others who were on maternity or sick leave were permitted to work from home. Defendant argues that this argument makes no sense. According to defendant, plaintiff first asked for STD benefits alleging she could not work. But, on the other hand, she argued that the defendant would not permit her to work from home. As to the merits of this claim, defendant argues that plaintiff cannot show that these

employees are similarly situated. *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 882 (8th Cir. 2005). Defendant contends that none of these employees ever reported to Ms. Fee, none were on intermittent FMLA leave, none were on FMLA leave when working from home, all employees working from home received prior permission from their supervisors, all employees were confined to bed for a period of time, and none of the employees worked from home while receiving STD benefits. Plaintiff disagrees and argues that these employees are similarly situated to her. Plaintiff also contends that defendant had a written policy that permitted intermittent leave which means that FMLA leave can be taken in less than full day increments. Ms. Fee would not permit plaintiff to so divide her leave. Further, plaintiff contends that the conclusions made by the investigator were misleading and did not take into account the days she worked and the activities she did on those days and the medication she took on those days.

The court has carefully reviewed the evidence and arguments of counsel. The court finds the motion for summary judgment should be denied. There are material facts at issue in this lawsuit that are better suited for trial.

THEREFORE, IT IS ORDERED that defendant's motion for summary judgment, Filing No. 43, is denied.

DATED this 3rd day of November, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge