## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TERI A. MILLER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) 8:05CV249 |
| | ) ORDER |
| **CONSOLIDATED CONTAINER COMPANY, INC.,** | ) |
| **Defendant.** | ) |

Following a discussion with counsel on November 21, 2006,

**IT IS ORDERED:**

1. A settlement conference shall be held before the undersigned with counsel and representatives of the parties on **December 21, 2006, at 9:00 a.m.** in Courtroom No. 7, Second Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The parties' representatives and/or counsel shall be prepared to participate and negotiate a settlement of this case during the conference in accordance with the following paragraphs.

2. Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requirement contemplates the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client. For a defendant, such representative must have final settlement authority to commit the organization to pay, **in the representative's discretion**, a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower. For a plaintiff, such representative must have final authority, **in the representative's discretion**, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last offer. If board approval is required to authorize settlement, attendance of the entire board is requested; if the entire board does not attend, the attendance of at least one sitting member of the board (preferably the chairperson) authorized to settle as

described above is **absolutely required**.  Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present.  Such representative must have final settlement authority to commit the company to pay, **in the representative's discretion**, an amount within the policy limits, or up to the plaintiff's last demand, which ever is lower.  If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, **in counsel's sole discretion**, the client, client representative, or insurance company representative, as applicable, need not attend.  **The purpose of this requirement is to have representatives present who can settle the case during the course of the settlement conference without consulting a superior who is not present**.

   3. Counsel appearing for the settlement conference without their client representatives or insurance company representatives, authorized as described above, will cause the settlement conference to be canceled and rescheduled.  The non-complying party, attorney, or both may be assessed the costs and expenses incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court.  Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

   4. Prior to the settlement conference proceedings, counsel shall discuss settlement with their respective clients and insurance representatives, and opposing counsel so the parameters of settlement have been explored well in advance of the settlement conference.  If as a result of such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with the undersigned and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be canceled or postponed.  If such a conference is sought, it shall be sought soon enough that fees and expenses otherwise to be incurred in the convening of a settlement conference can be avoided, normally at least two working days before the settlement conference.

5. A settlement conference statement of each party shall be submitted directly to the undersigned **no later than December 18, 2006,** setting forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that may have been conveyed. Copies of such settlement conference statements are to be promptly transmitted to all counsel of record. The settlement conference statement may not exceed five (5) pages in length and will not be made a part of the case file.

6. Neither the settlement conference statements nor communications of any kind occurring during the settlement conference shall be used by any party with regard to any aspect of the litigation or trial of the case.

DATED this 21st day of November, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge